Weygandt, C. J.
The sole contention of the plaintiff is that the jury’s verdict does not constitute an adequate basis for the trial court’s judgment and that hence the court was in error in accepting the verdict and rendering judgment thereon.
At the threshold of this discussion it is important to observe that the plaintiff is confronted with several difficulties.
In the first place she is without a bill of exceptions. This, of course, leaves this court with no information concerning the evidence adduced at the trial.
Second, it is admitted that the plaintiff entered no objection to the trial court’s acceptance of the jury’s verdict until after the jury had been discharged and the court was without an opportunity to resubmit the verdict to the jury for further consideration. This, the defendant contends, constituted a waiver by the plaintiff of any objection to the form of the verdict.
But the plaintiff contends that by its very terms the verdict is so inconsistent as to amount to a legal nullity. This court finds itself unable to accept this view. It is apparent that the 11 concurring members of the jury found that the defendant committed the assault and battery but that the plaintiff suffered neither compensatory nor punitive damages.
*542 There are authorities to the contrary, especially in cases in which the jury inserted no figure in the verdict. However, in the instant case the jury not only supplied a figure but also wrote the words, “none dollars.” Whatever else may be said about the verdict, it certainly is not indefinite.
The plaintiff relies on the following provision of Section 2315.18, Revised Code:
“When by the verdict either party is entitled to recover money from the adverse party, the jury must assess the amount of the recovery in its verdict.”
Clearly this statute is applicable when a party is found to be entitled to recover money. Here the jury found definitely and unequivocally that the plaintiff was not entitled to recover money.
A similar view is expressed in 53 American Jurisprudence, 730, Section 1053, that “verdicts providing for the recovery of ‘no damages’ have been construed with reference to the record as meaning that the party in whose favor the verdict was rendered has failed to make out a .case entitling him to recover any sum as damages.”
Consistent with these views, the judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Matthias, Hart, Zimmerman, Stewart, Bell and Taft, JJ., concur.